UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREA LYNN FRIES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | Case No. 2:11-cv-00250-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　This action is before the Court on Petitioner Andrea L. Fries's Petition for Review (Dkt. 1), seeking reversal of the Social Security Administration's final decision to deny disability benefits. This action is brought pursuant to 42 U.S.C. § 405(g). After carefully reviewing the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order denying Fries's Petition for Review.

**ADMINISTRATIVE PROCEEDINGS**

　　　　On July 9, 2007, Andrea L. Fries ("Petitioner" or "claimant") protectively filed a Title II application for Social Security Disability Insurance Benefits, and a Title XVI application for supplemental security income, alleging a disability onset date of October 1, 2006. (AR 10). These claims were denied on October 18, 2007, and on appeal on January 31, 2008. The claimant requested a hearing on February 14, 2008. Administrative Law Judge ("ALJ") R.S. Chester conducted a hearing in Spokane,

Washington, on May 5, 2009.  At the hearing, Petitioner was represented by attorney Mark B. Jones.  An impartial vocational expert, Deborah N. Lapoint, and an impartial medical expert, W. Scott Mabee, Ph.D., also appeared and testified.

At the time of the hearing, Petitioner was 36 years old.  (AR 15).  At the hearing, Petitioner testified that she lives with her husband, four teenage children (15, 16, 17, and 19 years old), mother, and grandmother in a house.  (*Id.*)  She reported that she has a 9th grade education, and that she last worked in 2006, as a telemarketer.  (*Id.*)  She also reported past relevant work experience as certified medication aid, home attendant, hazmat technician, and camera operator.  (AR 21).  Petitioner has a documented history of methamphetamine abuse and drug seeking behavior, but claimed to have abstained from using methamphetamine since 2000. (AR 15) Petitioner also stated that her husband is on disability, but that she did not know what is wrong with him.  (*Id.*)

Petitioner claims disability stemming from bipolar disorder, posttraumatic stress disorder, borderline personality disorder, back pain, and asthma.  (Petitioner's Brief, Dkt. 16 at 1).  At the hearing, Petitioner reported to being prescribed the following drugs: Seroquel, Lithium, Estradiol, multi-vitamins, and over-the-counter NSAIDs for pain. (AR 33).

On May 15, 2009, the ALJ issued his decision denying Petitioner's claim for disability.  (AR 10-22).  Petitioner requested review by the Appeals Council, which ultimately upheld the determination of the ALJ on March 31, 2011, making that denial the final determination of the Commissioner.  (AR 1-3). In denying her claim, the

Commissioner determined that Petitioner was not disabled within the meaning of the Social Security Act. (*Id.*)

## DISCUSSION

### A. Standard of Review

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to

accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

The issue presented in this instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether the finding is based on an application of proper legal standards.

**B.     Administrative Procedure**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20

MEMORANDUM DECISION AND ORDER - 4

C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

### 1. Five-Step Sequential Process

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner had not engaged in SGA since October 1, 2006, the alleged onset date. (AR 12). Petitioner does not dispute this finding.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight

MEMORANDUM DECISION AND ORDER - 5

abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At this step, the ALJ found that Petitioner had the following severe impairments: bipolar disorder, posttraumatic stress disorder, borderline personality disorder, disorders of the back, and asthma. (AR 11). Petitioner does not dispute this finding by the ALJ.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *Id*.

Here, the ALJ concluded that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments…." (AR 13). Petitioner challenges this determination, arguing that she in fact meets or equals the listing for disorder of the spine under Appendix 1, Section 1.04(A). (Petitioner's Brief at 6). Petitioner argues that two separate MRIs of Petitioner's lower back, one in July 2006, and another in January 2008, "demonstrate that the Petitioner has the necessary medical condition required to meet or equal the listing …."

MEMORANDUM DECISION AND ORDER - 6

(*Id.*) Petitioner further argues that the reason the ALJ did not find that she equaled the listing was because the ALJ "was so biased by what he generalized as drug seeking [behavior]." (*Id.* at 10).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC represents their ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

The ALJ determined here that the Petitioner has the residual functional capacity to perform light work. (AR 14). The ALJ further concluded that Petitioner is fully able to perform past relevant work as a telephone solicitor (DOT 299.357-014), and a camera operator (DOT 354.377-014). (AR 21). Accordingly, Petitioner's claim was resolved at step four, and the ALJ concluded that "[t]he claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2006 through the date of this decision." (*Id.*) The ALJ based this determination on the testimony of a VE, and went further to find "[t]he vocational expert's testimony consistent with the information contained in the Dictionary of Occupational Titles. (*Id.*)

If the claim would have reached step five, the ALJ would consider if the claimant is able to do any other work. 20 C.F.R. § 404.1520(f)(1). On the fifth step, the burden shifts to the ALJ. *Id.* If the ALJ finds that claimant cannot work, then the claimant is "disabled" and entitled to disability insurance benefits. *Id*. However, if the ALJ determines that the claimant can work, the ALJ must also establish that there are a significant number of jobs in the national economy that claimant can do in his or her condition. *Id*. "If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Analysis**

Petitioner seeks judicial review of the denial of benefits, arguing that the ALJ erred in two respects. First, she argues that the ALJ improperly rejected objective medical evidence (two MRIs) that would establish that she meets or equals the listing for disorder of the spine under Appendix 1, Section 1.04(A). (Petitions Brief, 3-10). She claims that the ALJ failed to find she met or equaled the listing requirement because of bias, noting that "it is obvious the ALJ felt that Petitioner was at the very minimum not credible, and at worse, a drug seeking malingerer. (*Id*.) Petitioner argues that these are reversible errors.

In response, the government argues that the ALJ's determination is supported by substantial evidence in the record. (Respondent's Brief, Dkt. 17) Respondent argues that Petitioner has failed to establish that she met her burden of showing that she was disabled under the act. (*Id*.) Respondent contends that the ALJ properly reviewed and evaluated

all the evidence, finding that Petitioner did not meet or equal the listing "because even though two MRIs supported a back disorder, there was no credible evidence that Petitioner had motor loss accompanied by sensory or reflex loss or any motor loss that was equivalent in severity or duration. (*Id*.) The government further responds that the claimant's subjective complaints or motor loss were not supported by the record and "not credible given prior concerns with 'drug seeking' behavior and the fact that she did not elect to see a specialist, as recommended by her doctors, for her back. (*Id*.) Thus, Respondent concludes that this final determination should be upheld.

### 1. Step Three: Benefits Under the Listing of Impairments

If the claimant has an impairment, or a combination of impairments, that matches or is substantially equivalent to an impairment in the Listing of Impairments, the applicant is disabled per se. The Commissioner has no option on this; if a claimant is not engaged in substantial gainful activity and satisfies the criteria under a Listing, the Commissioner must find the claimant disabled. 20 C.F.R. § 404.1520(d).

"Medical equivalence" is the measure employed to determine if a claimant's "impairment(s) is equivalent to a listed impairment." 20 C.F.R. § 404.1526. Equivalence is to be determined by "all evidence in [claimant's]record about [their] impairment(s) and its effect on [the claimant]." *Id*.

Petitioner claims that she meets or equals the listing for disorder of the spine under Appendix 1, Section 1.04(A), which requires the following be present:

> *Disorders of the spine* … resulting in compromised of a nerve root or spinal cord. With:

> [e]vidence of nerve root compression characterized by neuroanatomical distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test …

*Id.* Petitioner argues that the MRI tests show that Petitioner has "two disc protrusion which result in compromise of the nerve root, [which] can be seen in the MRI … satisfy[ing] part A of section 1.04." (Petitioner's Brief at 6).

Respondent argues that while the MRIs tend to support the claimed back disorder, "there was no credible evidence that Petitioner had motor loss accompanied by sensory or reflex loss or any motor loss that was equivalent in severity or duration." (Respondent's Brief at 8).

The regulations require the Secretary to "review the symptoms," 20 C.F.R. § 404.1526 (1988), and make specific findings essential to the conclusion. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam); *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). "An [ALJ's] findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" *See Lewin*, 654 F.2d at 635 (*quoting Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3rd Cir. 1979)). It is, however, "unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990).

In this case, the ALJ provided a nine-page evaluation of the medical and testimonial evidence. The ALJ noted the MRIs, but concluded that many of the medical records, which included subjective symptoms, were unreliable because of Petitioner's history of "drug seeking" behavior. The ALJ was also suspect because of the many inconsistencies in Petitioner's medical records, and her failure to seek a back specialist. The ALJ thus discussed and evaluated evidence supporting his conclusion that Petitioner's symptoms and medical records did not meet or equal the listing for disorder of the spine under Appendix 1, Section 1.04(A). Finally, as discussed below, the ALJ properly evaluated and supported his rejection of the claimant's subjective pain testimony. In sum, the ALJ's finding includes adequate explanation and record support that Petitioner did not meet or equal the listing requirements. Accordingly, the final determination of the Commissioner will not be altered on this ground.

### 2.     ALJ Bias

Petitioner implies that the ALJ was bias against her because he found that she was not entirely credible because of her history of malingering to obtain narcotics. Petitioner argues that the ALJ's bias is obvious because "he attributed nearly every inconsistency in the record to it, even stating in the Decision that the Petitioner may have gone to Dirne Clinic just to feed her narcotic habit." (Petitioner's Brief at 10).

The ALJ found Petitioner generally not credible based on her unwillingness to follow up with specialists regarding her back pain, her criminal history, her drug-seeking history that was well-documented by her treating providers, and her inconsistent responses to questions, sometimes in the same interview. These are all clear and convincing reasons to

MEMORANDUM DECISION AND ORDER - 11

find Petitioner less than credible about her symptoms. *See Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002) (lack of cooperation during an evaluation, efforts to impede accurate testing of limitations, and making inconsistent statements are valid reasons to find that a claimant lacks credibility); *Edlund v. Massanari,* 253 F.3d 1152, 1157–58 (9th Cir. 2001) (suggesting exaggerating complaints of pain for prescription medication is a credibility factor); *Hardisty v. Astrue,* 592 F.3d 1072, 1080 (9th Cir. 2010) (in EAJA context, government was substantially justified in relying on convictions for adverse credibility finding).

Finally, concerning Petitioner's complains of bias, there is no evidence the ALJ exhibited any favoritism toward the government. *Rollins v. Massanari,* 261 F.3d 853, 857–58 (9th Cir.2001) (ALJs presumed to be unbiased; claimant "required to show that the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment").

After carefully reviewing the record, the Court concludes that the ALJ properly rejected Petitioner's credibility regarding the severity of her pain.  The Ninth Circuit has recognized that "[c]redibility determinations are the province of the ALJ." *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  Where, as here, the ALJ has made specific findings justifying a decision to discount and reject certain allegations made by Petitioner regarding symptoms and their functional effect on daily activities, and those findings are supported by substantial evidence in the record, as the Court concludes they are in this action, the Court's role is not to second-guess that decision.  In the Court's view, the ALJ's findings to reject Petitioner's credibility are sufficiently specific to allow the Court

**MEMORANDUM DECISION AND ORDER - 12**

to conclude that the ALJ's decision is based on permissible grounds and did not arbitrarily discredit Petitioner's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Accordingly, the Court concludes that the ALJ's decision to reject certain aspects of Petitioner's subjective testimony concerning her symptoms/limitations is not erroneous and should not be disturbed on appeal.

**C.     Conclusion**

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards. Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

**ORDER**

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.

DATED: September 24, 2012

Honorable Larry M. Boyle
U. S. Magistrate Judge